UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE R. PETERSON,<br><br>  Petitioner,<br><br>  v.<br><br>JEANNE WOODFORD, et al.,<br><br>  Respondent. | No. SACV 05-72-SVW(CW)<br><br>ORDER DISMISSING PETITION AS MOOT |

For reasons stated below the petition is dismissed as moot.

### **BACKGROUND**

The pro se petitioner filed the present Petition for Writ of Habeas Corpus By a Person in State Custody (28 U.S.C. § 2254)("Pet.") on January 21, 2005. [Docket no. 1.] Respondents filed an answer, a memorandum, and exhibits ("R. Ex.") on April 4, 2005. [Docket nos. 9, 10 and 11.] Petitioner filed a traverse on April 28, 2005. [Docket no. 13.] On July 27, 2005, Petitioner filed a Supplemental Petition ("Sup. Pet."). [Docket no. 30.] Respondents filed a supplemental answer on August 28, 2009. [Docket no. 35.] Petitioner filed a supplemental reply on September 30, 2009. [Docket no. 38.]

1       In 1988, in California Superior Court, Orange County, Case No.
2  C63018, Petitioner was convicted of first degree murder with use of a
3  firearm and sentenced to twenty-seven years to life in state prison.
4  [R. Ex. A.]  At the time of filing Petitioner was incarcerated at the
5  Correctional Training Facility at Soledad, California.  [Pet.]
6       The petition does not challenge Petitioner's underlying
7  conviction or sentence, but rather a 2003 decision by the California
8  Board of Parole Hearings ("the Board") finding Petitioner not suitable
9  for parole.  [Pet.]  Petitioner asserts six grounds for federal habeas
10 relief in his petition and supplemental petition:
11 1.  The Board failed to hold an initial parole suitability hearing
12     one year before Petitioner's minimum eligible parole release date
13     as required by Cal. Penal Code § 3041(a).
14 2.  The parole unsuitability criteria is unconstitutionally vague.
15 3.  The Board improperly relied on an Americans with Disabilities Act
16     ("ADA") disability in denying Petitioner parole.
17 4.  The Board's decision to deny parole was not supported by "some
18     evidence."
19 5.  The Board breached its contract with Petitioner by finding him
20     unsuitable for parole.
21 6.  The Board improperly relied on the District Attorney's statements
22     to deny Petitioner parole.
23 [Pet. at 5, Sup. Pet. at 5-6.]
24      Petitioner raised and exhausted these claims in petitions for
25 collateral review at the each level of the state courts.
26      A change of address filed by Petitioner on February 18, 2011,
27 suggested that Petitioner had been released on parole.  [Docket no.
28 47.]  On March 3, 2011, the court contacted the inmate locator service

of the California Department of Corrections and Rehabilitation and verified that Petitioner was released on parole on February 9, 2011. Under California law, when an inmate, convicted of first or second degree murder with a maximum term of life imprisonment, is paroled, the period of parole is the remainder of the inmate's life. Saunders v. Carey, No. CIV S-06-734-MCE-CHS-P, 2011 WL 571488, *1 and n.2 (E.D. Cal. Feb. 15, 2011)(citing Cal. Penal Code § 3000.1(a)(1)).

## **DISCUSSION**

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Section 2254 Cases, 28 foll. § 2254, Rule 4. "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); 28 foll. § 2254, Rule 11 (application of Federal Rules of Civil Procedure in habeas cases).

Federal jurisdiction is limited to adjudication of actual cases and live controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). Federal courts lack jurisdiction over moot questions. North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971)(per curiam). When a federal court lacks the power to grant the relief requested, the case is moot. Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

An actual case or live controversy must exist at all stages of litigation. Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). If at any time during litigation a plaintiff ceases to suffer "an actual injury traceable to the defendant," and that is

"likely to be redressed by a favorable judicial decision," the matter is moot. <u>Spencer</u>, 523 U.S. at 7. When a habeas petition only challenges the denial of parole and the petitioner is later paroled, the petition becomes moot. See <u>Brady v. U.S. Parole Comm'n</u>, 600 F. 2d 234, 236 (9th Cir. 1979)(federal inmate paroled); <u>see also</u> <u>Burnett v. Lampert</u>, 432 F.3d 996, 1000-01 (9th Cir.2005)(habeas petition becomes moot when petitioner's injury cannot be redressed by favorable decision); <u>Saunders</u>, 2011 WL 571488, *1 (both California and federal courts regularly deny pending habeas petition as moot if Petitioner is paroled for life under Cal. Penal Code § 3000.1).

In the present petition, Petitioner has challenged only the prior denial of parole. He has since been granted parole, and released from prison. Under California law, Petitioner will be on parole for his life-time. Therefore all claims in the present petition are moot.[1]

//
//
//
//
//
//

---

[1] In light of recent United States Supreme Court authority, it appears that Petitioner would not be entitled to relief in any event. See <u>Saunders</u>, 2011 WL 571488, *2 n.3. Insofar as Petitioner challenges the substance of the Governor's decision and its evidentiary support, his claims are barred under <u>Swarthout v. Cooke</u>, ___ U.S. ___, 131 S. Ct. 859, 861-63, L. Ed. 2d ___ (2011)(<u>per curiam</u>)(no federal due process claims for California parole denial limited to minimal procedural safeguards and not extended to claims about failure to apply California's evidentiary standard). The record shows that Petitioner did receive the procedural safeguards required under <u>Swarthout</u>. Insofar as any of Petitioner's grounds could state a federal due process claim, this court would defer to the decisions of the state court's under <u>Harrington v. Richter</u>, ___ U.S. ___, 131 S. Ct. 770, 784-86, ___ L. Ed. 2d ___ (2011), and 28 U.S.C. § 2254(d).

**ORDERS**

It is therefore **ORDERED** as follows:

1. The petition is dismissed as moot.
2. The clerk shall serve this Order and the Judgment herein on the parties.

DATED:   April 13, 2011

_____
STEPHEN V. WILSON
United States District Judge

Presented by:

Dated:  March 7, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge

5